FILED
SUPERIOR COURT
OF GUAM

2024 MAR 22 PM 1: 25

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0474-17**<br>GPD Report No. 17-22645 |
| v. | |
| **PETER PANGELINAN REYES,**<br>DOB: 03/21/1978 | **DECISION AND ORDER GRANTING PEOPLE'S MOTION TO REVOKE DEFENDANT'S PROBATION** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 29, 2024 for a Revocation Hearing in the above-captioned matter related to Peter Pangelinan Reyes's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Renita Taimanao. The People of Guam were represented by Assistant Attorney General Grant Olan. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

### BACKGROUND

On May 13, 2022, Defendant pled guilty to Manufacturing a Schedule I Controlled Substance (as a 1st Degree Felony). See Judgment of Conviction (Jun. 27, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Upon release from the Department of Corrections, Defendant shall report to the Adult Probation Office for intake and processing within forty-eight (48) hours of being released.

Decision and Order Granting People's Motion to Revoke Defendant's Probation
CF0474-17, *People of Guam v. Peter Pangelinan Reyes*
Page 1 of 4

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office *three (3) times per week* in person, or as ordered by the Court or the Probation Office.

Id.

The following month, a Violation Report was filed indicating that Defendant had failed to report to the Adult Probation Office for intake and processing within forty-eight (48) hours of being released. See Violation Report (Jun. 24, 2022). In fact, Defendant had failed to report to the Adult Probation Office even once during the first six weeks of his probationary term. Id.

On January 9, 2023, another Violation Report was filed indicating that Defendant had failed to report to the Adult Probation Office for several weeks following his latest release from the Department of Corrections. See Violation Report (Jan. 9, 2023).

On May 31, 2023, another Violation Report was filed indicating that, yet again, Defendant had failed to report to the Adult Probation Office for several weeks following his latest release from the Department of Corrections. See Violation Report (May 31, 2023).

On June 2, 2023, the People filed their Motion to Revoke Defendant's Probation ("Motion"). The People base their request on Defendant's repeated failures to report to the Adult Probation Office since entering probation. See Motion (Jun. 2, 2023). Opposing the Motion, Defendant claims revocation is premature because he has ample time to complete his remaining probationary terms and requirements. See Opposition to Motion (Aug. 31, 2023).

On February 29, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Feb. 29, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that

Decision and Order Granting People's Motion to Revoke Defendant's Probation
CF0474-17, *People of Guam v. Peter Pangelinan Reyes*
Page 2 of 4

revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant repeatedly failed to timely report to the Adult Probation Office and these failures continued for the better part of a year.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Decision and Order Granting People's Motion to Revoke Defendant's Probation
CF0474-17, *People of Guam v. Peter Pangelinan Reyes*
Page 3 of 4

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant's violations occurred almost immediately upon entering probation, as he failed to even report to the Adult Probation Office for his initial intake/scheduling. Defendant continued to violate his mandatory reporting conditions, receiving multiple Violation Reports for the same repeated conduct. This suggests Defendant was never serious about following his probation conditions, and will not follow them now if given another chance.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___March 22, 2024___

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

AGi PORL

Date: 3/22/24 Time: 1:30

Conkvro @

Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting People's Motion to Revoke Defendant's Probation
CF0474-17, *People of Guam v. Peter Pangelinan Reyes*
Page 4 of 4